# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3900

_____

Mary Bracey,                          *
                                      *
            Appellant,                *
                                      *   Appeal from the United States
      v.                              *   District Court for the
                                      *   Eastern District of Arkansas.
Jim Lawson, individually and the      *       [UNPUBLISHED]
City of Little Rock, Arkansas,        *
                                      *
            Appellees.                *

_____

Submitted:  June 26, 2003

Filed:  July 16, 2003

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Mary Bracey appeals the district court's[1] grant of summary judgment in favor of appellees on her 42 U.S.C. § 1983 claim alleging First Amendment retaliation. We affirm.

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Bracey alleges that she was denied promotion in retaliation for having sent an anonymous electronic mail (e-mail) message two years earlier in which she had criticized a fellow employee's job performance. The First Amendment protects a public employee's speech so long as it addresses a matter of public concern. Meyers v. Neb. HHS, 324 F.3d 655 (8th Cir. 2003) (citing Connick v. Myers, 461 U.S. 138, 146 (1983)). Speech qualifies as a matter of public concern if it is "fairly considered as relating to any matter of political, social, or other concern to the community." Id. Having reviewed the record in the light most favorable to Bracey, as we must on summary judgment, we conclude that the district court determined correctly that because Bracey's e-mail message was purely job-related and thus did not qualify as a matter of public concern, it did not constitute protected speech under the First Amendment. Sparr v. Ward, 306 F.3d 589, 594 (8th Cir. 2002) (citing Bauzard v. Meridith, 172 F.3d 546, 548 (8th Cir. 1999)). Additionally, Bracey failed to show any causal connection between the e-mail message and any adverse employment action, as is required of a successful claim of First Amendment retaliation under § 1983. Bechtel v. City of Belton, 250 F.3d 1157, 1162 (8th Cir. 2001).

Accordingly, we affirm. See 8th Cir. R. 47B. Appellees' motion to strike a portion of Bracey's appendix is denied as moot.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-